IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BENJAMIN EUGENE ISAAC, :
:
         Plaintiff :
: CASE NO. 5:14-CV-002 -HL - MSH
VS. :
:
GREGORY MCLAUGHLIN, :
:
         Defendant :
_____

## ORDER & RECOMMENDATION

Plaintiff Benjamin Eugene Isaac, a prisoner currently confined at Macon State Prison in Oglethorpe, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**, and the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) will be waived. The filing fee is not entirely waived, however; Plaintiff is still obligated to pay the full filing fee, as is directed later in this Order. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of Macon State Prison.

The undersigned has now also reviewed Plaintiff's Complaint as required by 28 U.S.C. § 1915A(a) and, as explained below, finds that it would be premature to dismiss

Plaintiff's First, Eighth, and Fourteenth Amendment claims prior to service. It is **RECOMMENDED**, however, that Plaintiff's claims for punitive damages be **DISMISSED**, as the Complaint does not allege that Plaintiff suffered any physical injury. *See* 42 U.S.C. § 1997e(e). To the extent that Plaintiff attempted to state a due process claim under the Fifth Amendment, it is **RECOMMENDED** that this claim also be **DISMISSED** pursuant to § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed broadly and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not

2

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Therefore, to survive a § 1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-56.

## ANALYSIS OF CLAIMS

The present action arises out of Plaintiff's confinement in punitive segregation at Macon State Prison. In his Complaint, Plaintiff alleges that he was confined in a single cell for twenty-nine continuous days (from November 13, 2013 until December 12, 2013).[1] During this period, Plaintiff was essentially confined in his cell twenty-four hours a day. Plaintiff alleges that he was only allowed out of his cell to take a ten-minute shower three times per week. According to the Complaint, Plaintiff complained about the conditions of his confinement, and Defendant McLaughlin personally told Plaintiff that he did not "need to go outside" and that if Plaintiff "wanted to exercise," he should "think twice before 'coming back to his hole.'" (Compl. 4, ECF No. 1.)

Shortly after his release from punitive segregation, on December 18, 2013, Plaintiff

---

[1] Because this action arises out of recent events, it is very likely that Plaintiff has not had sufficient time to exhaust the administrative remedies available within the Department of Corrections. His Complaint, however, also alleges that the "institutional staff . . . refused to furnish" Plaintiff a grievance form. In light of this, the undersigned will not dismiss for lack of exhaustion prior to service. *See Figueroa v. Bass*, 522 F. App'x 643, 644 n.1 (11th Cir. 2013) (noting that the denial of grievance forms "could raise a substantial question concerning the availability of administrative remedies"); *Burns v. Warden, USP Beaumont*, 482 F. App'x 414, 416 (11th Cir. 2012) (district court erred in dismissing complaint *sua sponte* for lack of exhaustion where prisoner alleged that staff made exhaustion "difficult if not impossible"); *Gould v. Owens,* 383 F. App'x 863, 869 (11th Cir. 2010) ("a prisoner denied access to administrative remedies has no available remedies to exhaust").

3

wrote "a formal letter" requesting that a three-year visitation restriction imposed by Defendant McLaughlin in May 2012 be lifted so that Plaintiff's family could visit for Christmas. Plaintiff alleges that this restriction was "arbitrarily" imposed as a sanction for several disciplinary reports he received in 2012 and that he successfully appealed each of these disciplinary reports; all were dismissed. Defendant McLaughlin nonetheless refused to lift the related sanction, and instead ordered, on December 19, 2013, that Plaintiff be placed back into segregation. Defendant McLaughlin thereafter advised Plaintiff that he will remain in segregation for nine months because of disciplinary reports received "within the last twelve months." *Id.*

Plaintiff has now filed the present action under § 1983 and alleges various constitutional violations. The Complaint seeks an award of $500,000.00 in punitive damages, an "injunction that directs prison officials to make changes in [Plaintiff's] prison conditions," and a declaration "explaining [Plaintiff's] legal rights and the legal duties and obligations of the prison officials."

## I.     Eighth Amendment Claim, Punitive Segregation

Plaintiff first claims that the conditions of his twenty-nine day confinement in punitive segregation amounted to "cruel and usual punishment." Conditions imposed in "administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." *Sheley v. Dugger*, 833 F.2d 1420, 1428-29 (11th Cir. 1987). However, "allegations of constant twenty-four hour lock-down for extended periods with no opportunity for exercise" may, in certain circumstances, "state a

violation of the Eighth Amendment's proscription against cruel and unusual punishment and furnish grounds for relief under 42 U.S.C. § 1983." *Grady v. Holmes*, No. CV406-123, 2007 WL 2507395, at *5 (S.D. Ga. Aug. 30, 2007); *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979) (holding that district court erred in dismissing Eighth Amendment claim where prisoner alleged "confinement to a cell for twenty-three and one-half hours per day for periods of months and absence of outdoor exercise").

Broadly construed, Plaintiff's Complaint alleges that Defendant confined him to a cell twenty-four hours a day, without an opportunity for exercise, for an extended period. Plaintiff also alleges that he is now again confined in punitive segregation and may remain there for nine months. The undersigned finds that these allegations, when accepted as true and viewed in the light most favorable to Plaintiff, are sufficient to survive preliminary review.

In the absence of a physical injury, however, Plaintiff is precluded from seeking compensatory or punitive damages. *See* 42 U.S.C. § 1997e(e); *Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011) (holding that § 1997e(e) bars recovery of both compensatory and punitive damages). Therefore, because Plaintiff has not alleged that he suffered any physical injury as a result of his confinement, it is **RECOMMENDED** that Plaintiff's claim for punitive damages be **DISMISSED**.

## II.   First Amendment, Retaliation

Plaintiff also appears to have alleged retaliation. A prisoner "is considered to be exercising his First Amendment right of freedom of speech when he complains to the

prison's administrators about the conditions of his confinement." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) (letter to warden "constituted a protected exercise of his free speech rights"); *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may thus state a First Amendment claim by alleging (1) that he complained about the conditions of his confinement, (2) that he was subsequently punished by prison officials *because* he made this complaint, and (3) that the consequence he suffered was severe enough to likely deter a person of ordinary firmness from making future complaints. *Id.*

In this case, Plaintiff alleges that Defendant McLaughlin ordered that he be placed in punitive segregation in response to a letter Plaintiff sent regarding the revocation of his visitation privileges, i.e., a condition of his confinement. Thus, while Plaintiff did not expressly refer to a First Amendment claim in his Complaint, his Complaint, when liberally construed, alleges facts to support a retaliation claim. The undersigned must therefore consider this claim [2] and will allow it to go forward for further factual development. Again, however, it is **RECOMMENDED** that Plaintiff's relief be limited to nominal damages, injunction, or declaration and that any claim for punitive damages be **DISMISSED** pursuant to 28 U.S.C. § 1997e(e). Plaintiff did not allege that he suffered a physical injury as a result of the loss of visitation privileges.

---

[2] Under 28 U.S.C. § 1915A, the district court is "obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff." *See O'Berry v. State Attny's Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (unpublished); *Ford v. Hunter*, 534 F. App'x 821, 825 (11th Cir. 2013) (unpublished) ("where the facts to state a claim are clearly present in a *pro se* complaint, even if the cause of action is mislabeled, a *pro se* plaintiff has indeed stated a claim") (citing *United States v. Hung Thien Ly*, 646 F.3d 1307, 1316 (11th Cir. 2011)). In the event that Plaintiff did not intend to state a retaliation claim against Defendant, he may clarify that by amendment as provided by Fed. R. Civ. P. 15.

### III.     First, Eighth, and Fourteenth Amendment Claims, Visitation Privileges

Plaintiff next claims that Defendant McLaughlin violated his constitutional rights when he revoked and later refused to reinstate Plaintiff's visitation privileges. Prisoners do not have an absolute right to visitation privileges. *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 525 (11th Cir. 1994). Such privileges are "subject to the prison authorities' discretion provided that the visitation policies meet legitimate penological objectives." *Id.* Thus, the temporary withdrawal of an inmate's visitation privileges, as a regular means of effecting prison discipline, does not violate a prisoner's constitutional rights *Overton v. Bazzetta*, 539 U.S. 126, 134-37 (2003).

In *Overton v. Bazzetta*, the United States Supreme Court considered whether a prison policy imposing a two-year ban on visitation for certain inmates was unconstitutional. *Id.* In finding that it was not, the Court reasoned that a temporary restriction on visitation "is not a dramatic departure from accepted standards for conditions of confinement." *Id.* at 137. Such restrictions also do not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety." *Id.*

The Supreme Court did note, however, that the withdrawal of all visitation privileges may give rise to a constitutional claim if the sanction is "permanent or for a much longer period or if it were applied in an arbitrary manner to a particular inmate," as such a case "would present different considerations." *Id.* Therefore, a prisoner may possibly state a § 1983 claim if he alleges that prison officials arbitrarily denied him all

7

visitation for more than two years without a legitimate cause or justification. *See id*.

In this case, Plaintiff alleges that Defendant McLaughlin "arbitrarily" imposed a three-year withdrawal of his visitation privileges and subsequently refused to re-instate these privileges after the disciplinary charges, on which this sanction was based, were dismissed. In light of these allegations, the undersigned will allow Plaintiff's related First, Eighth, and Fourteenth Amendment claims to go forward for further factual development. *See id; Charriez v. Garcia*, No. 4:11cv379, 2012 WL 7808096, at *5 (N.D. Fla. Oct. 31, 2012). However, it is again **RECOMMENDED** that his claims punitive damages be **DISMISSED** without prejudice pursuant to 42 U.S.C. § 1997e(e).

## IV.  Fifth Amendment, Due Process

Plaintiff's Complaint states that his Fifth Amendment right "to be free from deprivation of liberty interest without procedural due process" was also violated by Defendant. The undersigned presumes that Plaintiff simply referenced the Fifth Amendment in error. A state prisoner's due process rights are protected by the Fourteenth Amendment. The Due Process Clause of the Fifth Amendment is only implicated when a plaintiff alleges federal action. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("the Fifth Amendment's due process clause applies only to the federal government"); *Pugh v. Dix*, No. 09–00016–KD–N, 2011 WL 2670084, at *8 n.11 (S.D. Ala. May 31, 2011) ("The Fifth Amendment's due process clause only applies to the federal government and is, therefore, inapplicable in this case."). Plaintiff has not made any allegations against a federal actor in his Complaint. It is thus **RECOMMENDED** that any due

process claim brought under Fifth Amendment be **DISMISSED** <u>with</u> prejudice. As discussed above, Plaintiff's Fourteenth Amendment due process claims will go forward.

## CONCLUSION

After having reviewed Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the undersigned finds that it would be premature to dismiss Plaintiff's First, Eighth and Fourteenth Amendment claims prior to service. It is therefore **ORDERED** that service be made on Defendant McLaughlin and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is further reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's claims for punitive damages and any claim brought under the Fifth Amendment be **DISMISSED** pursuant to §1915A(b)(1) for failure to state a claim. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

process claim brought under Fifth Amendment be **DISMISSED** <u>with</u> prejudice. As discussed above, Plaintiff's Fourteenth Amendment due process claims will go forward.

## CONCLUSION

After having reviewed Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the undersigned finds that it would be premature to dismiss Plaintiff's First, Eighth and Fourteenth Amendment claims prior to service. It is therefore **ORDERED** that service be made on Defendant McLaughlin and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is further reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's claims for punitive damages and any claim brought under the Fifth Amendment be **DISMISSED** pursuant to §1915A(b)(1) for failure to state a claim. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rule of Civil Procedures.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the

11

opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison

Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this the 14th day of January, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE