IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BENJAMIN EUGENE ISAAC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:14-CV-002-HL-MSH |
| VS. | : | |
| | : | |
| GREGORY MCLAUGHLIN, | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER &
REPORT & RECOMMENDATION**

Presently pending before the Court are Plaintiff's motion for summary judgment (ECF No. 30), motion to review deposition recording (ECF No. 42), motion for discovery (ECF No. 43), and Defendant's motion to dismiss (ECF No. 35) and motion to amend (ECF No. 49). For the reasons explained below, Plaintiff's motions to review and for discovery are denied. Defendant's motion to amend is granted. It is recommended that Defendant's motion to dismiss be denied and that Plaintiff's motion for summary judgment be denied with leave to refile.

**BACKGROUND**

The present action arises out of Plaintiff's confinement in segregation at Macon State Prison. In his Complaint, Plaintiff alleges that he was confined in a single cell for twenty-four hours a day for twenty-nine continuous days. Plaintiff alleges that he was only allowed out of his cell to take a ten-minute shower three times per week. Plaintiff complained about the conditions of his confinement, and Defendant McLaughlin

personally told Plaintiff that he did not "need to go outside" and that if Plaintiff "wanted to exercise," he should "think twice before 'coming back to his hole.'" Compl. 4, ECF No. 1.

Shortly after his release from segregation, on December 18, 2013, Plaintiff wrote "a formal letter" requesting that a three-year visitation restriction imposed by Defendant McLaughlin in May 2012 be lifted so that Plaintiff's family could visit for Christmas. Plaintiff alleges that this restriction was "arbitrarily" imposed as a sanction for several disciplinary reports he received in 2012. He further states that he successfully appealed each of these disciplinary reports and all were dismissed. Defendant McLaughlin nonetheless refused to lift the related sanction, and instead ordered, on December 19, 2013, that Plaintiff be placed back into segregation. Defendant McLaughlin thereafter advised Plaintiff that he will remain in segregation for nine months because of disciplinary reports received "within the last twelve months." *Id.*

After a preliminary review and ruling on a motion to dismiss, the following claims were allowed to proceed: (1) Plaintiff's claim for Eighth Amendment cruel and unusual punishment as a result of confinement to a cell for twenty-four hours a day; (2) Plaintiff's First Amendment claim for retaliation; and (3) Plaintiff's claim for withdrawal of his visitation privileges. Although Plaintiff originally sought compensatory and punitive damages for each of these claims, those claims were dismissed because Plaintiff has failed to allege any physical injury. Order 1, Feb. 20, 2014, ECF No. 6. Thus, Plaintiff can only seek nominal damages, injunctive relief, or declaratory relief.

Plaintiff moved for summary judgment prior to the close of discovery (ECF No.

30). Defendant claims that during discovery Plaintiff refused to participate in a scheduled deposition. Consequently, Defendant moves to dismiss Plaintiff's complaint as a sanction. (ECF No. 35.) Plaintiff also filed two discovery motions. (ECF No. 42, 43.) Finally, Defendant moves to amend his response to one of Plaintiff's discovery motions (ECF No. 49). That motion is granted without discussion. The remaining motions are ripe for review.

## DISCUSSION

### I.  Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37 for Plaintiff's failure to comply with the Court's discovery order directing that Plaintiff participate in a deposition. Def.'s Br. in Supp. of MSJ 5-7, ECF No. 35-1. Alternatively, Defendant states that Plaintiff should be required to submit to a second deposition and should be required to pay the costs associated with the first deposition. *Id.* at 7-8. Plaintiff responds that Defendant's notice of deposition was defective and he was thus authorized to not actively participate in the deposition.

Rule 37(b) "authorizes a district court to dismiss an action if a party 'fails to obey an order to provide or permit discovery.'" *Reed v. Fulton Cty. Gov't.*, 170 F. App'x 674, 675 (11th Cir. 2006) (quoting Fed. R. Civ. P. 37(b)(2)(A)). Similarly, Rule 37(d) allows a court to dismiss an action "if a party fails to appear for [a] properly noticed deposition." *Id.* Such dismissals are disfavored, "[b]ut . . . may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith, or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

3

Defendant noticed Plaintiff's deposition on May 28, 2015 indicating that Plaintiff's deposition would be held on June 16, 2015. Def.'s Second MTD Ex. A, ECF No. 35-2. When Plaintiff received this notice on June 3, 2015, Plaintiff noted that the deposition notice failed to state the method of recording of his deposition as required by Federal Rule of Civil Procedure 30(b)(3)(A). Pl.'s Aff. ¶ 3, ECF No. 44-1. Plaintiff notified Defendant of this deficiency on June 8, 2015. *Id.* ¶ 4. The Court received Plaintiff's "Notice of Defective Notice of Deposition" and docketed it on June 15, 2015 (ECF No. 33). Plaintiff specifically states therein that Defendant's deposition notice is "in violation" of Rule 30(b)(3)(A) and that Plaintiff does not consider the notice "as a valid notice." Notice of Defective Notice 1.

In response, Defendant prepared an amended notice on June 15, 2015 that specifies that Plaintiff's deposition will be taken on June 17, 2015 by "stenographic means[.]" Def.'s Second MTD Ex. B, ECF No. 35-3. Along therewith, Defendant's counsel prepared an acknowledgment of service for Plaintiff's signature. *Id.* at Ex. C, ECF No. 35-4. Counsel mailed a copy of the amended notice to Plaintiff and gave a copy along with the acknowledgment of service to personnel at Telfair State Prison to be hand delivered to Plaintiff. Brooks Aff. ¶ 5, ECF No. 35-5. A unit manager at Telfair, Barbara Grant, notified counsel that she hand delivered the amended notice to Plaintiff on June 15. *Id.* ¶ 5. Grant has submitted an affidavit which states that she hand delivered a copy of the amended notice to Plaintiff on June 15, 2015. Grant Aff. ¶¶ 4-5. Additionally, she gave Plaintiff a copy of the acknowledgment of service, which Plaintiff refused to sign. *Id.* ¶¶ 5-6. Plaintiff refused to submit to the deposition on June 17, 2015. Brooks Aff. ¶¶

4

6-7.

Plaintiff stated at his deposition that he did not receive the Amended Notice of Deposition. Pl.'s Dep. 12:21-15:2. He describes his interaction with Ms. Grant in the following way:

> Q: Okay. And it's your testimony that she didn't hand you –
>
> A: No, she did not.
>
> Q: -- an Amended Notice of Deposition?
>
> A: No, she did not. She let me see that document at a distance, and I asked her what it was, and she said she is not sure. I said, well, is it pertaining to my case? She said she is not sure, she just received the documents from the Warden's secretary. So I'm like, well, I'm not going to sign nothing I don't know what it is. I said, I'll receive it through legal mail. And she's like, all right. And she closed my flap, and she was gone, that was it.

*Id.* at 14:8-21. Ms. Grant asked Plaintiff to sign the acknowledgment of service, but Plaintiff states that she would not show him the other document in her hand. *Id.* at 13:12-14:1. Defense counsel warned Plaintiff that failure to participate in the deposition could result in his case being dismissed, Pl.'s Dep. 15:4-16:14, but Plaintiff stated that he could properly refuse to participate in a deposition "that's in violation of [his] constitutional rights." *Id.* at 16:25-17:2. Plaintiff then affirmatively refused to be deposed. *Id.* at 17:21-18:19.

Plaintiff similarly states in his affidavit in opposition to Defendant's motion for to dismiss that he did not receive a copy of the Amended Notice of Deposition. Pl.'s Aff. ¶ 5. Plaintiff agrees that he refused to participate in the deposition, but again states that he was entitled to do so because the notice he received "violates" Rule 30. *Id.* ¶ 6. On June

5

18, 2015, Plaintiff filed a "Notice of Defendant's Waiver of Deposition" claiming that Defendant failed to properly notice the deposition on June 17 and has consequently "forfeited and/or waived[] his choice of discovery." Notice of Def.'s Waiver 2, ECF No. 38.

The record shows that Plaintiff improperly refused to participate in the deposition, but Plaintiff believed he was constitutionally (or at least legally) permitted to do so. The Court specifically notifies Plaintiff that a failure to meet the technicalities for discovery found within the Federal Rules does not equate to a constitutional violation. It is unclear if Plaintiff received the Amended Notice of Deposition and consequently the Court cannot say that Plaintiff's failure to participate in the deposition was done in bad faith. It is thus recommended that Defendant's motion to dismiss be denied. Similarly, it is recommended that Defendant's request for sanctions in the form of attorney's fees and costs for the deposition and motion to dismiss be denied at this time.

However, Defendant's alternative request to compel is granted. Plaintiff shall participate in a deposition, regardless of Plaintiff's perceived propriety of the notice so long as Plaintiff is given reasonable notice of the time and place for the deposition. Plaintiff's failure to participate a second time <u>will</u> result in the dismissal of his action. Furthermore, if Plaintiff again fails to participate in a deposition, Defendant may renew his request for sanctions for attorney's fees and costs for the initial deposition and motion to dismiss. Such deposition should be taken within thirty (30) days of the date of this Order, and discovery is extended for that limited purpose. The parties shall have forty-five (45) days from the close of the limited discovery extension to file their motions for

summary judgment.

## II.     Discovery Motions

Plaintiff filed two discovery motions. First, he seeks leave to review the recording of the deposition taken on June 17, 2015. (ECF No. 42.) This motion is denied as moot. Plaintiff refused to participate in the June 17 deposition except to put his objections to the deposition on the record. The Court has recommended denying Defendant's motion to dismiss based on Plaintiff's failure to participate. Consequently, there is no need for further review of the deposition; it should not be used as evidence in either parties' motions for summary judgment as to the merits of this case. Plaintiff's motion is denied.

Plaintiff also filed a motion for "Order Permitting Discovery of Documents" (ECF No. 43) on July 6, 2015, which the Court construes as a motion to compel. Specifically, Plaintiff seeks further responses to his four requests for production:

> (1) A true and correct copie(s) of all the "segregation: Tier 1 program isolation checklist" – that was maintained and documented for Benjamin E. Isaac during the periods of 'November 13, 2013' – through – 'April 28, 2015'.
>
> (2) A true and correct list of every inmate who was on protective custody, who transferred, between 'January 1, 2014' – through 'April 28, 2015.' (Note: List can and will be returned to Defendant at the close of this case).
>
> (3) A true and correct complete copy of Benjamin E. Isaac institutional files and/or records. (Note: Files can and/or will be returned to Defendant at the close of this case).
>
> (4) All other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's complaint.

Pl.'s Mot. to Compel Ex. 2 at 1-2, ECF No. 43-3 (all emphasis and quotation marks in original). Defendant specifically responded to each of these requests with objections and

produced all responsive records.  Def.'s Resp. to Mot. to Compel 6-19 & Ex. E.  Plaintiff states that he is entitled to additional production pursuant to his requests.

Plaintiff's motion to compel is denied because it is filed outside the discovery period, which ended on June 18, 2015.  In *pro se* actions in this district, discovery runs for 90 days from the filing of an answer or dispositive motion.  Order & Recommendation 11, Jan. 14, 2014, ECF No. 5.  Defendant moved to dismiss on April 25, 2014, beginning the running of the discovery period.  On April 29, four days later, Defendant moved for and was granted a stay of discovery.  Text-only Order, April 29, 2014.  On March 25, 2015, the discovery stay was lifted with 86 days remaining in the discovery period.  Discovery thus expired on June 18, 2015.  Plaintiff failed to file his motion to compel until July 6, 2015, well after the discovery period ended.  "Our prior case law shows that motions to compel discovery should be filed before discovery closes."  *Harris v. Bishop*, No. 1:13-cv-53, 2014 WL 3385306, at *3 (M.D. Ga. July 9, 2014).  Plaintiff's motion to compel is consequently denied.

Additionally, Plaintiff failed to comply with the good faith requirement in Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.  Those rules require the parties to file a statement certifying that they have conferred in good faith to resolve a discovery dispute prior to resorting to court interference.  Fed. R. Civ. P. 37(a)(1); *see also* M.D. Ga. L. R. 37.  The Local Rule states that motions without a good faith statement "will not be considered."  M.D. Ga. L. R. 37.  Plaintiff's motion is denied for this additional reason.

### III. Motion for Summary Judgment

#### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

#### B. Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment prior to either party conducting discovery (ECF No. 30). This motion does not comply with the local rules and include a separate statement of material facts. M.D. Loc. R. 56. Furthermore, it is clear from Plaintiff's discovery motions that Plaintiff subsequently participated in discovery and may have additional evidence which would benefit him in a motion for summary judgment. The Court should not rule on a motion for summary judgment prior to the parties having an opportunity for meaningful discovery. *See, e.g, Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition."). It is consequently recommended that Plaintiff's motion be denied at this

time. Plaintiff may refile his motion for summary judgment within forty-five (45) days of the limited extension of discovery.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant's motion to dismiss and for sanctions (ECF No. 35) and Plaintiff's motion for summary judgment (ECF No. 30) be denied. Defendant's alternative request to compel is granted. Plaintiff's request to review the deposition recording (ECF No. 42) is denied as moot. His motion for discovery (ECF No. 43), which the Court construes as a motion to compel, is also denied. Defendant's motion to amend his response brief (ECF No. 49) is granted.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error. The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 26th day of February, 2016.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE